26819.   SMITH v. MUNDAY.

SUBMITTED NOVEMBER 9, 1971—DECIDED DECEMBER 1, 1971.

*Albert P. Feldman, L. Doyal Langford,* for appellant.

GRICE, Justice. This is an appeal from the grant of the writ of habeas corpus to a mother of a minor child.

The mother, Geraldine Peoples Munday, filed a petition in the Superior Court of DeKalb County against Erick Smith which alleged in substance the following: that she is the mother of the child in question; that she has demanded the child from the defendant but has been refused possession of her; that the detention of the child is illegal because she is the child's mother and is entitled to her custody; that she has not at any time by contract or otherwise released her rights in the matter.

To this petition the defendant filed an answer which insofar as necessary to recite here made the allegations which follow:

The mother has abandoned the child to him, having done so for a period of more than one year on two separate occasions.

The mother advised the defendant and his wife that she wished them to adopt the child.

The defendant has been unable to proceed with the adoption because he did not know the whereabouts of the

mother and was unable to obtain service upon her until now. He does not now know her exact whereabouts but is currently filing for adoption of said child. Defendant prayed that the petition be dismissed and that he be allowed to retain custody of the child until the matter of adoption is determined.

Upon the hearing there was evidence which showed that for approximately three and a half years this child, an illegitimate, was permitted by the mother to remain in the home of the defendant and his wife and that this couple provided for all her needs. The mother testified that she provided some support during one five-week period when she and the child were both living in the defendant's home.

However, the evidence was uncontradicted that on October 11, 1970, the mother consented to the adoption of the child by the defendant and his wife.

This is evidenced by a letter bearing that date addressed to the wife of the defendant. It recited in essential part as follows: "I am trying every way I know how to settle down so I can have her and be a mother to her like I am supposed to be but I am going to let you and [the defendant] adopt her if you still want to and Patsy no one knows how much I thank you for taking such good care."

The mother, at no place in the record, sought to deny the writing of this letter. In our view it is decisive, since *Code* § 74-108 provides that parental power shall be lost by consenting to the adoption of the child by a third person and that such consent may not be revoked as a matter of right.

The mother's testimony went to her reasons for consenting to the child's adoption, but she did not show in any way that this consent was not freely and voluntarily given or that she was mentally or physically incompetent to give it.

As we evaluate the issues, this feature is controlling upon the enumerations made in the appeal.

The evidence demanded a judgment for the defendant.

In view of the foregoing, the judgment of the trial court is

*Reversed. All the Justices concur.*